# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **MARK SCAIFE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 05-3369-CM** |
| | ) | **No. 04-20039-10-CM** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM AND ORDER

On March 24, 2004, petitioner Mark Scaife was indicted in the United States District Court for the District of Kansas with two Counts of an eight count indictment. Count 1 charged petitioner with conspiracy to possess with intent to distribute "cocaine base (crack)," in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count 7 charged petitioner with intentional distribution of five grams or more of a substance containing a detectable amount of "cocaine base or crack," in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2.

On June 21, 2004, petitioner appeared with counsel and was convicted of "a violation of 21 U.S.C. § 846, that is, conspiracy to possess with intent to distribute cocaine." The written plea agreement signed by petitioner states that he agrees to plead guilty to Count 1 of the indictment, but the plea agreement states the charge as "conspiracy to possess with intent to distribute cocaine." The plea agreement also contains a waiver of appeal and collateral attack, except to the extent the sentence imposed reflects an upward departure from the applicable sentencing guideline range determined by the court. On November 12, 2004, the court entered a judgment of conviction against petitioner for "conspiracy to distribute and possess with intent to distribute cocaine base" and

sentenced petitioner to 168 months imprisonment.

On September 15, 2005, petitioner filed a *pro se* petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. 404).  Petitioner asks the court to grant his motion for the following reasons: (1) he was convicted of "conspiracy to distribute and possess with intent to distribute cocaine base," whereas his plea agreement lists a charge of "conspiracy to possess with intent to distribute cocaine"; (2) his counsel was ineffective; (3) the court failed to determine the "purity" of the cocaine petitioner was involved with, a relevant factor in determining sentence length, before sentencing him; and (4) the indictment failed to specifically state the amount of cocaine petitioner was charged with.  Petitioner seeks "specific performance" of his plea agreement. The government filed Respondent's Motion for Enforcement of the Plea Agreement (Doc. 409).

## I.    Plea Agreement

The government asks the court to enforce the plea agreement based on petitioner's waiver of his right to collaterally attack any matter in connection with his prosecution and sentence.  The government cites to relevant authority holding that a defendant and the government are bound by the terms of a lawful plea agreement.  *See*, *e.g. United States v. Arevalo-Jiminez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998).   A knowing and voluntary waiver of § 2255 rights is generally enforceable.  *United States v. Cockerham,* 237 F.3d 1179, 1181-83 (10th Cir. 2001).  The court considers three factors to determine the enforceability of such a waiver: (1) whether the disputed issue is within the scope of the waiver; (2) whether the waiver is both knowing and voluntary; and (3) whether enforcing the waiver would constitute a miscarriage of justice.  *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

-2-

**1.     Scope of the Waiver**

In determining whether a disputed issue is within the scope of the waiver, courts look to the plain language of the plea agreement.  *United States v. Anderson*, 374 F.3d 955, 957-58 (10th Cir. 2004).  Plea agreements are interpreted based on contract principles and the meaning reasonably understood by the defendant at the time of his plea.  *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003) (internal citation omitted).  The court strictly construes waivers of rights to appeal and collateral attack and resolves ambiguities against the government.  *Anderson*, 374 F.3d at 957-58.

In the case at hand, one of petitioner's grounds for appeal - whether he was convicted of and sentenced for the crime he agreed to plead guilty to - is arguably beyond the scope of the waiver.  A plain language reading of petitioner's plea agreement indicates that he waived his right to appeal or collaterally attack the conviction and sentence imposed for the offense he pleaded guilty to: "conspiracy to possess with intent to distribute cocaine."  However, the court's entry of judgment of conviction against petitioner was for "conspiracy to possess with intent to distribute cocaine," but rather "conspiracy to distribute and possess with intent to distribute cocaine base."  The indictment, the presentence investigation report, and the judgment in this case list the charge as one involving "cocaine base," and the factual basis set forth in the plea agreement involves the sale of "cocaine base" (crack).  The plea agreement and the Rule 11 colloquy during the change of plea hearing, however, reference the charge as involving "cocaine."

Although it is possible that the reference to "cocaine" rather than "cocaine base" in the plea agreement merely reflects a typographical error, it creates ambiguity that must be resolved in favor

of petitioner's right to collaterally attack his conviction.[1]  *See id.*  Waiver of appellate rights for a charge not listed in the plea agreement is beyond the plain meaning of the agreement, and therefore does not fall within the scope of the waiver.  Even if it were found to be within the scope of the waiver, however, the petitioner is entitled to some relief for the reasons that follow.

**B.    Knowing and Voluntary**

Petitioner claims that he knowingly and voluntarily pleaded guilty to "conspiracy to possess with the intent to distribute cocaine," but not to "conspiracy to distribute and possess with intent to distribute cocaine base."  He argues that he would not have pleaded guilty to a charge involving cocaine base.  An important factor considered in determining if a waiver of appellate rights was knowing and voluntary is whether there was an adequate Rule 11 colloquy undertaken during the change of plea hearing.  *Hahn*, 359 F.3d at 1325.  Although the Rule 11 colloquy petitioner participated in adequately addressed his waiver of appellate rights in regard to the charge of "conspiracy to possess with intent to distribute cocaine," it never mentions the charge he was convicted of, "conspiracy to distribute and possess with intent to distribute cocaine base."  The court finds that the inconsistency between the charge stated during the Rule 11 colloquy and the charge petitioner was convicted of indicates that petioner's waiver of rights as related to the charge of "conspiracy to distribute and possess with intent to distribute cocaine base" may not have been knowing and voluntary.

**C.    Miscarriage of Justice**

Enforcing a waiver of appellate rights results is a miscarriage of justice if (1) the court considered an impermissible factor such as race; (2) the defendant received ineffective assistance of

---

[1]  Petitioner also raises an "ineffective assistance of counsel" claim regarding counsel's failure to note the discrepancy between the charge in the plea agreement and that in the conviction. The court finds it unnecessary to further address this issue at this time.

counsel with respect to negotiation of the plea agreement; (3) the sentence exceeds the statutory maximum; or (4) the sentence is otherwise unlawful, and is the result of error that seriously threatens the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 1327.

The judgment entered in this case is inconsistent with the plea agreement. The plea agreement lists a charge of "conspiracy to possess with intent to distribute cocaine," but the judgment is for "conspiracy to distribute and possess with intent to distribute cocaine base*."* Penalties for possession with intent to distribute equal amounts of "cocaine," as opposed to "cocaine base," invoke substantially different offense levels within the Federal Sentencing Guidelines. *See U.S. Sentencing Guidelines Manual* § 2D1.1 (2004). This difference is significant in that the guidelines were used in an advisory nature to determine the sentence in petitioner's case.

The case law involving § 2255 issues of this nature is notably limited. The court was unable to find any Tenth Circuit authority addressing the specific issue at hand. The *Amison* case from the Northern District of Ohio addresses a situation with similar facts. *Amison v. United States*, 2005 U.S. Dist. LEXIS 33349 (D. Ohio Dec. 16, 2005). In *Amison*, the court determined that the use of the term "cocaine" in the petitioner's plea agreement was clearly a typographical error where the rest of the record indicated that the charge involved "cocaine base." *Id*. The court denied the petitioner's § 2255 motion, noting that "[e]verything which occurred during Amison's case before this Court was referable to 'crack cocaine' not just cocaine," and that during his change of plea hearing, petitioner was specifically questioned as to his involvement with crack cocaine (also known as cocaine base). *Id*.

The reasoning of the *Amison* court is persuasive; however, the inconsistent use of the terms "cocaine" and "cocaine base" throughout the proceedings in the case at hand appears to be more

pervasive than in *Amison*, and therefore merits further consideration.[2]  While it is possible that the references to "cocaine" as opposed to "cocaine base" merely reflect typographical errors, the court finds that enforcing the waiver of appellate rights as it relates to this particular claim would seriously threaten the reputation of the judicial proceedings, resulting in a miscarriage of justice.  *See Hahn*, 359 F.3d at 1327.  Although petitioner was not convicted of a crime different than the crime he was indicted for, he was not convicted of the crime to which he agreed to plead guilty.

Petitioner is entitled to relief, but not the relief that he seeks.  Although petitioner seeks "specific performance" of the plea agreement, the appropriate relief is to set aside petitioner's plea. *Cf. United States v. Stewart*, 1995 WL 539473 at *3 (10th Cir. Aug. 31, 1995) (noting that the appropriate remedy for an involuntary or unknowing plea is to vacate the guilty plea).  While petitioner has not expressly asked to withdraw his plea, his § 2255 motion is an appropriate vehicle in which to do so.  *See* Fed. R. Crim. P. 11(e) ("After the court imposes a sentence, the defendant may not withdraw a plea of guilty or nolo contendre, and the plea may be set aside only on direct appeal or collateral attack.").  Nonetheless, because petitioner has not expressly indicated a desire to withdraw his plea, the court is reluctant to vacate his conviction without petitioner obtaining advice from counsel about the consequences of withdrawing his plea.  The court therefore believes it is appropriate to appoint counsel for petitioner.  The court will then conduct a status conference to determine the need for further proceedings.

---

[2]  The court's decision is consistent with the Tenth Circuit Court of Appeals decision in *United States v. Vasquez-Carrizoza*, 1998 WL 234542 (10th Cir. May 11, 1998).  In *Vasquez-Carrizoza*, the court reversed the lower court's denial of a §2255 motion where the plea agreement, indictment, and judgment listed different charges.  *Id.* at *2.  In remanding the case for further proceedings, the court noted that although the discrepancies could be the result of typographical errors, they merited further consideration under the law.  *Id.*

## II.    Other Issues

Because the court is appointing counsel for petitioner, the court will take the other issues in petitioner's § 2255 motion under advisement and rule on them, if necessary, at a later time.

**IT IS THEREFORE ORDERED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. 404) and Respondent's Motion for Enforcement of the Plea Agreement (Doc. 409) are taken under advisement.  The court will appoint counsel and schedule a status conference by separate order.

Dated this 14th  day of June 2006, at Kansas City, Kansas.


**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**